[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-10200
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-03059-CV-IPJ

P. T.,
in the matter of P. T., a minor, by and through
her mother, Mrs. T.,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY BOARD OF EDUCATION,

Defendant-Appellee,

CATHY STAGGS, et al.,

Defendants.

Appeal from the United States District Court
for the Northern District of Alabama

**(June 28, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This case is rooted in what was revealed at a due process hearing conducted at appellant's request by the Alabama Department of Education under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and corresponding federal and state regulations. The hearing focused on the following issues, as presented in appellant's request:

1. Whether the Local Education Agency's ("LEA") decision to utilize a harness to secure the student in her bus seat violated her and her parents' right to a free appropriate public education ("FAPE");

2. Whether the student was entitled to an Independent Educational Evaluation ("IEE"), and whether the LEA violated federal or state law regarding appellant's request for an IEE for the student;

3. Whether the LEA violated the student's right to privacy under federal and state law when the student's bus driver described problems she was having with a ten-year-old autistic girl on her bus at a meeting of the Jefferson County Board of Education, to a newspaper reporter, and to a television reporter; and

4. Whether the LEA violated the IDEA and the Alabama Administrative Code by failing to obtain prior written consent from appellant prior to an observation of the student by Mary Paris, an Autistic Spectrum Specialist employed by the LEA, in the school setting.

After hearing the evidence adduced with respect to these issues, the due process hearing officer, an administrative law judge ("ALJ"), handed down a decision adverse to appellant.

Following this decision, appellant brought this law suit in the district court,

2

seeking review of the ALJ's decision pursuant to the IDEA and the Rehabilitation Act, 29 U.S.C. § 794. After appellant filed a second amended complaint, the parties joined issue, and appellee moved the court for summary judgment. Based on the entire administrative record and the parties' submissions, the district court concluded that the issues appellant had raised lacked merit and therefore gave appellee summary judgment. <u>See</u> Memorandum Opinion dated November 29, 2005. Appellant now appeals. Her brief presents these arguments:

1. The district court failed to apply the standard of review mandated by <u>Hendrick Hudson Central. Sch. Dist. v. Rowley</u>, 458 U.S. 176, 102 S.Ct. 3034 (1982);

2. The district court erred in finding that appellee's unilateral decision to utilize a harness and strap the student into her seat without reconvening the IEP process or obtaining parental input violated the student's and her parents' rights to FAPE;

3. The district court erred in holding that LEA's response to appellant's request for an IEE addressing the student's behavioral needs complied with IDEA and the Alabama Administrative Code and thus did not deny the student a FAPE;

4. The district court erred in holding that the LEA did not violate the IDEA and the Alabama Administrative Code by failing to obtain appellant's prior written consent before having the student evaluated by an autism specialist in the school setting;

5. The district court erred in finding that the LEA did not violate appellant's (and the student's) right to privacy under the IDEA by allowing its employee to discuss the student's behavioral problems during a public school board meeting and with the local news media;

6. The district court erroneously shifted to appellant the Fed. R. Civ. P. 56 burden of production on appellant's claims under the Fourteenth Amendment, the Rehabilitation Act, and 42 U.S.C. § 1983; and

7. The district court erred in granting appellee's motion to dismiss appellant's claims against Staggs and Darrow as alleged in Count II of the complaint.

We have considered these arguments in full, and find them meritless for the reasons stated in the district court's Memorandum Opinion.[1] The judgment of the district court is therefore

**AFFIRMED.**

---

[1] The Memorandum Opinion did not address the sixth and seventh arguments. Our review of the record, however, convinces us that they are meritless.